ported by the manufacturer, without having notified the collector of that fact, in the written protest. Judgment for defendant.

## Case No. 17,143.

WARBURTON et al. v. AKEN et al.

[1 McLean. 460.] [1]

Circuit Court, D. Illinois. June Term, 1839.

JUDGMENT—CONCLUSIVENESS—CONTINUANCE — ABSENT WITNESS.

1. A judgment of a court, having jurisdiction of the subject matter, is conclusive between the parties until reversed or set aside on the ground of fraud.

[Cited in The Acorn, Case No. 29.]

2. Where a party moves for a continuance on account of absent witnesses, and states what he expects to prove by such witnesses, if the facts stated would not be admissible in evidence, the motion must be overruled.

3. As between parties who enter into a fraudulent combination against an individual, no relief will be given, either in a court of law or chancery.

[Cited in Tufts v. Tufts, Case No. 14,233; Overshiner v. Wisehart. 59 Fed. 138.]

[Cited in Fargo v. Ladd, 6 Wis. 118.]

[This was a suit by Warburton and King against Aken and Little. Heard on a motion for continuance.]

Mr. Logan for plaintiffs.
Mr. Johnston. for defendants.

McLEAN, Circuit Justice. This action was brought on a judgment obtained in the state of Missouri, against the defendants, as the garnishees of Kemball, against whom an attachment had been issued. A motion for a continuance was made by defendants to take the deposition of a witness by whom they expected to prove that when the attachment was issued, at the request of plaintiffs, the defendants, who live at a considerable distance from St. Louis, remained in the city until the attachment could be issued and served on them as garnishees, although they were not indebted to the defendant in attachment, which was well known to the plaintiffs and admitted by them. But that they wished the service to be made on the defendants as garnishees, as it might induce the defendant in attachment to pay the debt. And they promised to give the defendants notice, if their attendance should be necessary at a subsequent term, and assured them that under no circumstances should any injury result to them. With this understanding the service on the defendants as garnishees was submitted to, and that they heard nothing further from the plaintiffs until a judgment was entered against them. And the object of the testimony which they wish to take is, to set aside the above judgment.

If the deposition which the defendants desire

to take, could not be read, if taken, the motion for a continuance, must be overruled. The court before whom the judgment in Missouri was obtained, had jurisdiction of the subject matter; and the judgment, however erroneous, is conclusive on the parties, unless the same shall be reversed or set aside on the ground of fraud. And unless to show fraud, if indeed that could be shown collaterally. the evidence on which the judgment was obtained cannot be gone into. This court cannot re-try the case which has been heard and adjudged by the court in Missouri. The defendants complain that they were entrapped by the assurances of the plaintiffs, that they would give them notice, and that under no circumstances should they suffer injury. From the statement in the affidavit it would appear. that the defendants entered into a combination with the plaintiffs to give jurisdiction to the court in Missouri, by consenting to be summoned as garnishees; although they did not owe the defendant in attachment a dollar, which was known and admitted by the plaintiffs. In so far as this proceeding could affect the interests of the defendant in attachment, it was a fraud upon him. Such a fraud as neither a court of law nor chancery would relieve against, as between the parties practising it.

If the defendants can avail themselves of any fraudulent acts of the plaintiffs. on the proceedings before the Missouri court, relief may be sought in a court of chancery. And it would seem that an application to chancery would be more appropriate for relief, than the defence which is attempted to be set up in this action. I am satisfied that if the facts which the defendants state could be proved by the absent witness, they could not be received as evidence in the present state of the pleadings in this case. and the motion for a continuance must. therefore, fail.

1 Anstr. 8; 2 Saund. Pl. & Ev. 29, 30; 2 Mer. 392, 7; 7 Taunt. 97; 3 Ves. & B. 42; Doug. 196; Cowp. 727; 1 H. Bl. 75; Starkie, 247. 250, were cited by the counsel.

Motion for a continuance overruled and judgment.

## Case No. 17,144.

In re WARD et al.

[2 Flip. 462; [1] 25 Int. Rev. Rec. 289; 8 Reporter, 136.]

District Court, W. D. Tennessee. June, 1879.

PARTNERSHIP — CONTRACT — LENDER TO RECEIVE INTEREST IN PROPORTION TO PROFITS — PRESUMPTIONS OF LAW.

Beyond dispute a participation in the profits of a business is prima facie strong evidence of a partnership in it. but a loan to a person engaged in trade on condition that the lender shall receive a rate of interest in proportion to profits, or a share of the profits. does not of itself constitute the lender a partner. nor does a contract to remunerate a servant or agent of a person

---

1 [Reported by Hon. John McLean, Circuit Justice.]

1 [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

engaged in trade by a share of the profits, of itself, render such servant or agent liable as a partner.

[Cited in Re Ward, 12 Fed. 326.]

In bankruptcy. On petition to charge Mrs. Margaret Holst as a partner in the firm of J. O. Ward & Co. and to adjudicate her a bankrupt. She claims that the facts only show that she lent her money on a contract to receive one-fourth of the profits as interest on the loan. The creditors insist that she was a partner in fact, and certainly so as to creditors.

Vance & Anderson, for creditors.
Estes & Ellett, for defendant.

HAMMOND, J. Partnership is a contract of two or more persons to place their money, effects. labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. 3 Kent, Comm. 24. There is no difficulty in the ordinary course of business with the case of an actual partner, who appears in his character of an ostensible partner. The question as to the persons on whom the responsibility of partner ought to attach in respect to third persons arises in the case of dormant partners who participate in the profits of the trade and conceal their names. They are equally liable, when discovered, as if their names had appeared in the firm, and although they were unknown to be partners at the time of the creation of the debt. 3 Kent, Comm. 31. A partnership inter sese—that is, in relation to the persons engaged as between each other—can commence only by the voluntary contract of the parties, expressed in their agreement, or implied from their dealings with each other and the outside world. 43 Mo. 391. But parties as to third persons, and sometimes even as between themselves, may become partners by the legal effect of their agreement, or of their acts and dealings, although they may not be aware of such legal effect, and may not believe themselves partners and may deny it. 31 Vt. 395.

It is urged by the creditors in this case that the simple fact that Mrs. Holst participated in the profits makes her, by operation of law a sharer in the losses and liable for debts, and that every one who has a share in the profits ought to bear his share of the losses. 1 Smith, Lead. Cas. 381.

An agreement between persons to share in certain proportions of the profits of a business does not necessarily make them partners as to each other under circumstances which certainly do render them liable as such to third persons. The Crusader [Case No. 3,456]. The rule of law formerly prevailing. that participation in the net profits of a business made the participant liable absolutely to third persons as a partner, has certainly been greatly modified in England and in this country. 83 Pa. St. 290. We have been favored by learned counsel with arguments on both sides,

based upon a reference to the authorities on this question. And our supreme court say that "it must be confessed that some of the discriminations. where profits are used as compensation for definite services, are very nice." 22 Wall. [89 U. S.] 119. And I may add in the language of Lord Eldon, that the distinctions are so thin that they have proved perplexing and unsatisfactory. 17 Ves. 403. Distinctions based on the difference between net and gross profits, whether the parties have a lien or only may look to the fund, whether entitled to an account. whether they share as principal owners or not, whether liable on the doctrine of agency, etc., have all been, I find, quite as useless to all other judges who have, in the conflict of cases, searched for the principle, as they are to us here now. 3 Kent, Comm. 25, note 1, and also same note on page 22 (bottom), 12th Ed. It will be thus seen that the conflict of cases is so great that, in the absence of controlling authority, a court may support either view with the most respectable judicial opinion.

I find that the perplexity grows out of an attempt to gauge and measure by tests each case so as to determine by a rule, whether as a matter of law, the partnership exists irrespective of the fact itself; and the solution to be to treat the case as presenting to the court and the jury the question as one of fact, and this rule of the common law as one of evidence, more or less decisive according to the circumstances of each case and not of itself conclusive.

I adopt Judge Deady's explanation of the rulings of the supreme court in Berthold v. Goldsmith, 24 How. [65 U. S.] 537, in his opinion in Re Francis [Case No. 5,031], in a case very much like this, and agree with him that, the old rule of the common law that a participation in the profits is ipso facto conclusive of a partnership. is not the established rule of the supreme court of the United States. I doubt if it is or ever was the established rule in England. The conflict was as great there as here. It was modified, if not abrogated, by the house of lords in the great case of Hickman v. Cox. 91 E. C. L. 523. in the year 1860, which established the rule that the participation of profits does not necessarily in all cases and under all circumstances establish a partnership. but is treated as evidence. more or less cogent, according to circumstances, of a partnership.

The English parliament. about 1866. passed an act to cure the conflict and establish the above rule, and so did the legislature of Pennsylvania about 1870. These acts declare what I believe to be the better principle supported by the best considered cases, namely: That a loan to a person engaged in trade providing that the lender shall receive a rate of interest in proportion to profits. or a share of the profits, shall not of itself constitute the lender a partner; nor shall a contract to remunerate a servant or agent of a person engaged in trade

by a share of the profits of itself render such servant or agent liable as a partner. This is also the rule in Tennessee. 5 Sneed, 726; 12 Heisk. 615; 1 Baxt. 108. Read, as to strength of presumption, 37 Conn. 266. But, notwithstanding these exceptions, we think the general rule remains beyond dispute, that participation in the profits of a business is prima facie strong evidence of a partnership in it.

There was a verdict for the creditors, and motion for a new trial overruled.

[See 12 Fed. 325.]

## Case No. 17,145.

### In re WARD.

### [9 N. B. R. 349.] 1

District Court, E. D. Michigan. 1874.

BANKRUPTCY—ATTACHMENTS—ALLOWANCE OF COSTS—EXPENSES OF CREDITORS.

1. Under the statutes of Michigan, an attaching creditor acquires a lien upon the property attached, for both his debt and his costs; but those statutes make no provision for the retention of any lien for either, in case his attachment is dissolved, neither in favor of the plaintiff in the attachment, nor the officer who makes the levy, and no such provision is found in the bankrupt law.

2. In all cases where it appears that attachment proceedings were not instituted with a view of obtaining a preference, but were merely auxiliary to bankruptcy proceedings, and so for the benefit of all the creditors, the costs and expenses of such attachment proceedings will be allowed.

[Cited in Re Hatje, Case No. 6,215.]

3. The omission of the attachment creditors to commence proceedings in bankruptcy is not sufficient to rebut the positive averment in the petition that the attachment proceedings were not taken to defeat the operation of the bankrupt act [of 1867 (14 Stat. 517)].

4. Expenses of creditors in attending first meeting of creditors must be disallowed; likewise the charges of a deputy sheriff for attempting to arrest the debtor, because there was nothing in the evidence to show its necessity, or that it resulted in any benefit to the estate.

On the petition of James McDonnell, Charles P. Burrell and Henry Gallagher, comprising the firm of McDonnell, Burrell & Co., attaching creditors, for the allowance of the costs and expenses of their attachment proceedings. The grounds of the application are: (1) That the attachment proceedings were not for the purpose or in the prosecution of an attempt to defeat the provisions or operation of the bankrupt act; but, on the contrary, were for the purpose of securing the assets of the bankrupt [George S. Ward] for the benefit of all the creditors under the provision of the act. (2) That the same operated beneficially to the estate, and secured to the creditors the only property realized to the estate. (3) That a valid lien for said costs and expenses was acquired by the said attaching creditors, upon the property attached, by the laws of Michigan.

(4) That the property attached was promptly surrendered by the sheriff to the messenger and to the assignee, by direction of petitioners, with the understanding that petitioners' claim for said costs and disbursements, should be referred to the court for allowance, if just. (5) That more than four-fifths of all the creditors in amount have consented to and requested the allowance of the claim. (6) That said claim is a just and proper charge against the estate.

On filing the petition an order was made requiring the assignee to show cause why the same should not be allowed. On the return day of the order the assignee appeared, but put in no answer to the petition. The facts alleged in the petition, therefore, stand undisputed, and, the same being duly verified, must be taken as true. Subsequently, however, the matter having been held under advisement by the court, the assignee handed to the judge the following objections, in writing, to the granting of the petition: (1) That the said attaching creditors are not the petitioning creditors upon whose petition the said George S. Ward was adjudicated a bankrupt, and that the facts stated in their petition do not show any reason or excuse for not commencing proceedings in bankruptcy themselves. (2) That the claim is large and in many respects extraordinary. The two attachments sued out—one in this state and one in New York—amounted to nothing, because the first was dissolved by the adjudication, and the other was a nullity, because sued out after the petition for adjudication was filed. (3) That one C. A. Holmes, an under-sheriff of Saginaw county, has presented to the assignee a claim for one hundred and forty dollars, growing out of the attachment proceedings in this state, in addition to petitioners' claim. (4) Denies that he has admitted the equity of, or has consented to, the allowance of petitioners' claim. (5) Objects to the allowance of the item in petitioners' claim for forty dollars for expenses of "Burrell to Detroit in appointment of assignee." (6) That the law does not contemplate the allowance of such an account or claim. (7) That the decisions of the United States courts and of this court are against it. (8) Denies that any lien accrued to petitioners for said costs and expenses enforceable in this court.

In support of the petition the following are cited: In re Houseberger [Case No. 6,734]; Gardner v. Cook [Id. 5.226]; 2 Comp. Laws Mich. §§ 6402, 6405, 6406, 6435.

And in support of the assignee's objections, the following: Section 28 of the bankrupt act; Zeiber v. Hill [Case No. 18.206]; In re Archenbrown [Id. 503]; Gardner v. Cook [supra].

D. B. & H. M. Duffield, for petitioners.

F. G. Russell, assignee, in person, opposed

LONGYEAR, District Judge. I shall not take up the grounds of the petition nor the as-

1 [Reprinted by permission.]